PATRICK SHEAHAN, APPELLANT, *v.* THE NATIONAL STEAMSHIP COMPANY (LIMITED), RESPONDENT.

*Malicious prosecution — want of probable cause — burden of proof — demanding too much by mistake in a replevin suit does not show malice.*

Patrick Sheahan, who was employed, in and prior to 1876, by a steamship company as a general passenger agent, being in default in making returns, as alleged by the company, was sued by it in replevin for the recovery of possession of certain tickets.

The sheriff, having certified that the tickets had been eloigned, the company, about March 1, 1876, procured an order of arrest in the replevin action, by virtue of which, for want of bail, Sheahan was imprisoned for sixty-nine days. Subsequently the order of arrest was vacated.

The replevin action was decided in Sheahan's favor, but in another action for an accounting, brought by the company against Sheahan, it recovered a large sum of money for tickets received by him as agent and not accounted for.

Subsequently Sheahan brought an action for malicious prosecution, wherein the court dismissed the complaint upon the ground that the facts did not show a want of probable cause.

*Held,* that, there being no dispute as to the facts, the question whether there was a want of probable cause was one for the court and was correctly decided.

That, as the action for an accounting determined that Sheahan was largely indebted to the company for moneys received in a fiduciary capacity, this went far towards showing that there was no malice upon the part of the company in bringing the replevin action.

That the burden was on the plaintiff to show affirmatively that the company had no ground for commencing its action.

That as it was conceded that Sheahan had torn up a large number of prepaid tickets, the company was justified in bringing replevin for their retention; and that the fact that the company might by mistake have demanded too many tickets did not show malice.

EXCEPTIONS of the plaintiff Patrick Sheahan, taken upon a trial had at the New York Circuit before the court and a jury, at which the complaint was dismissed and the exceptions were directed to be heard in the first instance at General Term; and also an appeal by said plaintiff from an order of said court, made on the 9th day of March, 1891, dismissing the complaint.

It appeared, upon the trial of the action, that the order of arrest was granted in the replevin action under section 179 of the Code of Procedure.

*B. Doran Killian* and *Denis McMahon*, for the appellant.

*John Chetwood*, for the respondent.

LAWRENCE, J.:

The plaintiff, prior to the 26th day of February, 1876, had been for a long time in the employ of the defendant as a general passenger agent for the selling of tickets for passage on the steamships of the the defendant, entitling the persons named in said tickets to passage. His employment was by parol, and in the course of such business he employed a number of sub-agents, and received from the defendant a certain commission for the tickets so sold. He alleges. that on the 26th of February, 1876, the defendant maliciously, intending and contriving to injure him without just or probable cause, caused and procured a certain civil action in which the said defendant was plaintiff and this plaintiff was defendant, to be commenced in this court, and in said complaint falsely, maliciously and without just and probable cause alleged that the plaintiff detained 3,816 passage tickets, which were its property, and demanded judgment for the possession of the same, and that in truth, and in fact, at the commencement of said action he did not detain any of the property of the defendant.

He avers that the said prosecution was terminated in plaintiff's favor by a judgment dismissing the complaint on the merits with

costs.　He further alleges that on or about the 1st of March, 1876, the defendant further maliciously intending and contriving to injure the plaintiff with malice and without just or probable cause, procured and caused to be procured, and made by several of its officers, agents and servants, several affidavits in said action, in which it was falsely, maliciously and without probable cause alleged that certain property belonging to the steamship company was wrongfully detained by the plaintiff, and that in said affidavits an order of arrest was issued against him, whereby the sheriff of the city and county of New York was directed to arrest him, and that his bail was therein fixed at $10,000, and that thereunder his arrest was procured, and that he was imprisoned in jail for the space of sixty-nine days in default of said bail.　Then follows an allegation that all this was done by the defendant, its agents, etc., without probable cause, and that the plaintiff was compelled to, and did, until the determination and judgment in his favor, expend large sums of money and incur great liability to pay money in the necessary defense against said arrest, and in procuring the annulment of the same.

The defendant in its answer, admitting that it commenced the action referred to in the complaint, and that it procured the order of arrest therein stated, avers that the plaintiff neglected to make weekly reports, which, by the terms of his agreement with the defendant he was required to make, of the sale of said tickets intrusted to him, and that after his discharge in October, 1875, he continued to sell and dispose of such tickets without the defendant's knowledge or consent.　It alleges that in the action brought for the recovery of the tickets a requisition was issued to the sheriff of the county of New York to take the same from the plaintiff and deliver them to the defendant; that the said sheriff certified and made return that said tickets had been eloigned, removed, concealed or disposed of, so that he could not find the same; and that thereupon the order of arrest referred to in the complaint was made, which said order of arrest was eventually vacated.　It is further averred that said action was brought and said order of arrest obtained on advice of counsel; and that in another action in the Superior Court of the city of New York, brought by the plaintiff against the defendant for the settlement and adjustment of the matters and accounts between the parties, judgment was rendered in favor of the defend-

ant against the said plaintiff for the sum of $8,915.16, which said judgment was affirmed by the General Term of the said Superior Court, and that an appeal taken therefrom by the plaintiff was finally dismissed by the Court of Appeals.

It was stated by the counsel for the plaintiff upon the trial of this action that it is an action for malicious prosecution, and after hearing a large amount of testimony, and having received much documentary evidence, the court finally dismissed the plaintiff's complaint on the ground that there was not sufficient evidence of want of probable cause for the bringing of the replevin suit to sustain an action for malicious prosecution. To the ruling of the court dismissing the complaint the plaintiff duly excepted, and the case comes before us upon that exception and certain exceptions taken during the course of the trial to the rulings of the court upon questions of evidence.

For the successful maintenance of an action of this character it is essential that the plaintiff should establish that the suit claimed to have been malicious was instituted without probable cause, and that there was malice in its institution, and that such suit had been terminated in the plaintiff's favor. It is shown in this case that the action of replevin brought by the defendant against the plaintiff was terminated in his favor, and the remaining question, therefore, is, whether that suit was instituted maliciously and without probable cause.

It is elementary that the question as to what facts and circumstances amount to probable cause is a purely legal question, and if there is no controversy about the facts, the question whether the facts proven show want of probable cause is exclusively for the court.

The record in this case upon the conceded facts clearly establishes, to our satisfaction, that there was probable cause for the institution of the action of replevin, and that the defendant was not actuated by malice in bringing it. The plaintiff, for many years, was the agent of the defendant. He was behind in his returns. The defendant had been unable to obtain a settlement of his accounts, or a return of the tickets intrusted to him, and supposed by it to be in his possession. When the sheriff returned that the tickets had been eloigned, removed, concealed or disposed of, and

that he could not find or take the same, the defendant, we think, was justified in obtaining the order of arrest, and had probable cause for applying for the same, and the mere fact that the order of arrest was finally vacated does not show that the defendant, in obtaining that order of arrest, was actuated by malice. The record shows that in another action in the Superior Court, brought by the plaintiff to obtain an accounting, judgment for a large amount was rendered in favor of the defendant. That judgment necessarily establishes that, at the time of the commencement of the replevin suit, and of the obtaining of the order of arrest, the plaintiff in this action was largely indebted to the defendant for moneys which had been received by him in a fiduciary capacity, and goes very far to show that there was no malice on the part of the defendant in instituting the replevin suit.

We, therefore, think that the plaintiff has failed to establish the want of probable cause, which is the essential ground of the action for malicious prosecution.

The burden of proof in such cases is upon the plaintiff to prove affirmatively that the defendant had no ground for commencing the prosecution, and in that respect it seems to us that he has failed.

The counsel for the appellant, in his points, has only argued, after discussing the general question of the liability of the defendant, four exceptions to the ruling of the learned justice who presided at the circuit, in regard to the admission or rejection of evidence. It is claimed that the justice erred in admitting in evidence the findings of the referee in the Superior Court suit between these parties. The plain answer to that proposition is, that before the admission of those findings the plaintiff had himself read in evidence one of the findings of the referee.

It was but just, therefore, to allow the defendant to read in evidence the remaining findings.

The next exception relates to the exclusion of an answer to the question as to what were the violations of the laws, of what was called "the conference," and what was the conference.

We regard the question as immaterial and find no error in the ruling of the court in respect thereto. In fact, it appears at a later stage of the case that the plaintiff's counsel subsequently objected to any proof in regard to these rules, on the ground that they were in

writing. Whether they were or not, we do not think that the evidence had any materiality upon the question of probable cause. In our view, too, it was immaterial as to what was the oldest prepaid ticket out of the 3,858 claimed, which the defendant demanded of the plaintiff. The fact was conceded that there had been a demand for 3,858 tickets, and, even if the ruling was erroneous, it appeared at a subsequent stage of the case that the plaintiff had received prepaid tickets to the number of 550 from his agents, which he had torn up and thrown into the waste-basket. The retention of those tickets alone would have justified the action of replevin, and, even if there was a mistake in the number of the tickets claimed by the plaintiff, we do not think that that mistake indicated malice on the part of the plaintiff in bringing the replevin suit, nor that it tended to establish want of probable cause.

The last exception is as to the overruling of the objection of the plaintiff to the reception in evidence of the letter dated July 1, 1875, addressed by Hurst, the general manager of the defendant, to the plaintiff. As that letter was a simple request to the plaintiff to send the balance of the outward accounts to the end of June twenty-sixth, for the reason that the defendant was waiting for the plaintiff's reports to close its books, it may have been material as showing a demand by the defendant upon the plaintiff, but even if erroneously admitted it could have no effect upon the final result which was reached by the court in dismissing the complaint.

On the whole record we are of the opinion that the plaintiff failed to establish upon the trial of this action either malice on the part of the defendant or that there was a want of probable cause in the bringing of the action, and it follows that the exceptions of the plaintiff should be overruled and judgment rendered for the defendant, with costs and disbursements.

Van Brunt, P. J., and O'Brien, J., concurred.

Exceptions overruled and judgment rendered for defendant, with costs and disbursements.